El Juez Asociado Señor Fuster Berlingeri
emitió la opinión del Tribunal.
Nos toca determinar si la Ley de Condominios, Ley Núm. 103 de 5 de abril de 2003 (31 L.P.R.A. see. 1291 et seq.) (Ley Núm. 103), que enmendó el esquema jurídico sobre la propiedad horizontal, debe aplicarse retroactivamente.
I
El Condominio New San Juan (Condominio), ubicado en *104 la avenida Isla Verde en Carolina, Puerto Rico, fue sometido al régimen de propiedad horizontal el 10 de octubre de 1972. El Condominio constaba de una estructura de dos pisos destinada a uso comercial, con un sótano con estacionamientos; una estructura de once pisos destinada a uso residencial, y una estructura de estacionamiento para los apartamientos residenciales. Williams Hospitality Group Inc. (Williams) era dueño de todos los locales del segundo y último piso del edificio comercial.
El 8 de septiembre de 2000 el Consejo de Titulares del Condominio New San Juan (Consejo), representado por su Presidenta, Teófila Ramona Santiago, presentó ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una petición de injunction contra Williams por alegadas violaciones a la Ley de la Propiedad Horizontal, según enmendada en 1976 a través de la Ley Núm. 157 de 4 de junio de 1976. El Consejo alegó, entre otras cosas, que Williams había realizado cambios y construcciones nuevas, y que había hecho un uso indebido del área de estacionamiento para ubicar una planta eléctrica con su tanque. Williams contestó la demanda y negó las alegaciones, pero aceptó haber cerrado el estacionamiento de su propiedad con un portón eléctrico y haberlo usado para colocar la planta eléctrica.
Ya trabada la controversia, y después de diversos trámites procesales, incluido el descubrimiento de prueba, el 26 de marzo de 2004 Williams presentó un escrito intitulado Nueva Moción de Sentencia Sumaria a la Luz de las Disposiciones de la Nueva Ley de Condominios. En éste Williams argumentó que los cambios que el Consejo había enumerado en su demanda cumplían todos con los requisitos para llevar a cabo mejoras establecidos por la nueva Ley de Condominios. En esencia, Williams argumentó que la evidencia no controvertida demostraba que los cambios alegados: (1) quedaban cubiertos por la nueva definición de *105 mejora que establece la Ley Núm. 103, supra; (2) no afectaban los derechos, la seguridad ni el disfrute de ninguna de las unidades del Condominio; (3) sólo incidían en los elementos comunes limitados de las unidades comerciales, según fueron designados en la escritura matriz, y (4) contaban con la aprobación de los titulares afectados, Le., los titulares comerciales. El foro de instancia celebró una conferencia sobre el estado de los procedimientos y ordenó a las partes someter memorandos de derecho sobre la posible aplicabilidad al caso de la nueva Ley de Condominios. Una vez las partes cumplieron con su cometido, el Tribunal de Primera Instancia, mediante Orden de 29 de junio de 2004, adoptó el planteamiento de Williams sobre la aplicación de la Ley Núm. 103, supra, a los hechos del presente caso.
Inconforme con dicha determinación del foro de instancia, el Consejo presentó un recurso de certiorari ante el Tribunal de Apelaciones el 6 de agosto de 2004. Williams presentó su escrito en oposición el 3 de septiembre de 2004. El foro apelativo emitió su sentencia el 10 de noviembre de 2004, mediante la cual expidió el recurso solicitado y revocó la orden del Tribunal de Primera Instancia. Según el Tribunal de Apelaciones, en virtud del principio de la irretroactividad de las leyes que impera en Puerto Rico, la Ley Núm. 103, supra, tenía efecto prospectivo ya que, de acuerdo con su apreciación, del texto de la propia ley no surgía que tuviese aplicación retroactiva.
Williams presentó un recurso de certiorari ante nuestra consideración, en el que levantó sólo un señalamiento de error: “Erró el Tribunal de Apelaciones al determinar que la Ley de Condominios de 2003 no es de aplicación a este caso.” El 1 de abril de 2005 expedimos el recurso. El 11 de mayo de 2005 Williams presentó su alegato. El Consejo presentó el suyo el 15 de junio de 2005. Con el beneficio de ambas comparecencias, pasamos a resolver.
*106 II
A. La nueva Ley de Condominios
 La Asamblea Legislativa de Puerto Rico promulgó la nueva Ley de Condominios el 5 de abril de 2003 con el propósito de fortalecer el régimen de propiedad horizontal para adecuarlo a la realidad social del país. Según surge de la Exposición de Motivos de la Ley Núm. 103, supra, la revisión del régimen ya había estado en agenda legislativa durante algún tiempo porque el legislador era consciente de que el régimen necesitaba “ajustes para dotarlo de mayor eficacia ...”. Exposición de Motivos de la Ley Núm. 103, supra, 2003 Leyes de Puerto Rico 355. Se señaló así mismo que la legislación anterior se prestaba al abuso del derecho, puesto que, por su rigidez, muchas actuaciones quedaban a la merced de una mayoría de condominos no siempre simpatizantes con los derechos individuales de los otros titulares. De tal forma, el régimen de propiedad horizontal de la antigua ley propiciaba, sin así proponérselo, situaciones absurdas pero legales. “Esas aberraciones respondían en parte a una distorsionada visión ‘comunitaria’, que le atribuye a la administración de los elementos comunes en el régimen de propiedad horizontal más importancia que al disfrute de la propiedad privada sobre el apartamiento.” M.J. Godreau, La nueva Ley de Condominios, San Juan, Ed. Dictum, 2003, pág. 20.
Con esta preocupación en mente, el legislador dispuso expresamente en el Art. 2 de la Ley Núm. 103, supra, que “[e]n el ejercicio y el reclamo de sus derechos, los titulares, actuarán conforme a los principios de la buena fe, de la prohibición de ir en contra de sus propios actos y la del abuso del derecho”. 2003 Leyes de Puerto Rico 359-360. Igualmente, el legislador aclaró y flexibilizó las disposiciones que versan sobre la sana convivencia entre los titulares. Las nuevas disposiciones persiguen, entre otros *107 propósitos, encontrar soluciones a los problemas creados por la ley anterior. Por esta razón, la Ley Núm. 103, supra, se nutre de las experiencias reales que desembocaron en los tribunales o en el Departamento de Asuntos del Consumidor, y pretende aliviar las situaciones que con más frecuencia experimentan los titulares. Godreau, op. cit, pág. 12.
Con miras a atacar de frente las situaciones indeseables que surgían a base de la legislación anterior, el legislador dispuso en el Art. 44 de la Ley Núm. 103, supra, que “[e]sta Ley entrará en vigor noventa (90) días después de su aprobación y sus disposiciones regirán a todo inmueble sometido al régimen de Propiedad Horizontal, cualquiera que sea el momento en que fuera sometido a dicho régimen”. (Énfasis suplido.) 2003 Leyes de Puerto Rico 410. En derecho es claro, pues, que el momento jurídico en que el inmueble haya sido sometido al régimen no da lugar a distinción alguna en cuanto a la aplicación de la ley. Así surge, no solamente del texto de ésta, sino también de la clara intención del legislador de frenar los abusos a los que la legislación anterior contribuía.
B. El principio de la irretroactividad de las leyes
Aunque en nuestro ordenamiento rige, como regla general y en virtud del Art. 3 del Código Civil, el principio de la irretroactividad de las leyes, este precepto no es absoluto. Así surge del texto del propio artículo, que establece que “[l]as leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario. En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior”. 31 L.P.R.A. see. 3. Y es que no puede ser de otro modo. En ocasiones, el legislador solamente puede alcanzar la transformación de situaciones jurídicas indeseables al disponer para el alcance retroactivo de determinadas leyes. De otra forma la sociedad estaría atada a perpetuidad a normas *108 que impiden su desarrollo. “[E]l ordenamiento jurídico se resiste a ser inmovilizado en un momento histórico preciso, toda vez que por su propia naturaleza ‘ordena relaciones de convivencia humana, y deben responder a la realidad de cada momento como instrumento de progreso y perfeccionamiento’.” J.M. Suárez Collía, El principio de irretroactividad de las normas jurídicas, 2da ed. rev., Madrid, Actas, 1994, pág. 56. De igual forma se expresó en una ocasión el Juez Hernández Matos al reconocer así:
biabemos que la absoluta retroactividad del derecho positivo sería la muerte de la seguridad y de la confianza jurídica; pero también sabemos que la absoluta irretroactividad sería la muerte del desenvolvimiento del derecho. El respeto a los derechos adquiridos, a los hechos consumados, a las situaciones ya existentes, no se opon[e a] leyes que se dan en vista de situaciones pasadas. La tendencia moderna, tanto en la doctrina como en la legislación, consiste en limitar todo lo posible el principio de la irretroactividad, excepto en materia de contratos, que en muchos países, como en Alemania, se mantiene, no obstante, en toda su pureza. Ocasio v. Díaz, 88 D.P.R. 676, 728-729 (1963).
Con esta realidad en mente, ya antes hemos resuelto que una ley puede tener efecto retroactivo si así surge claramente de la intención legislativa, ya sea de forma expresa o tácita. Rodríguez v. Retiro, 159 D.P.R. 467 (2003); Nieves Cruz v. U.P.R., 151 D.P.R. 150, 158-159 (2000). En forma similar hemos resuelto que aunque una ley no disponga expresamente su efecto retroactivo, debe aplicarse retroactivamente si dicha interpretación es la más razonable según el propósito legislativo. J.R.T. v. A.E.E., 133 D.P.R. 1, 14 (1993).
No obstante, aun cuando la ley disponga su efecto retroactivo o así surja de la intención legislativa, ésta no podrá afectar derechos adquiridos por las partes en virtud de la legislación anterior. Así surge del texto del citado Art. 3 del Código Civil. Los derechos adquiridos son la “conse *109 cuencia de un hecho idóneo, al producirlos en virtud de la ley vigente en el tiempo en que el hecho ha sido realizado, y que se han incorporado al patrimonio de la persona Suárez Collía, op. cit., pág. 55. Sin embargo, no toda situación jurídica acaecida en virtud y en vigencia de la ley anterior es un derecho adquirido para propósitos de limitar la retroactividad, expresa o tácita, de una ley posterior. Bien señala Santos Briz, que
... para que pueda hablarse de derechos adquiridos propiamente tales es necesario que se trate de situaciones subjetivas, cuya extensión y alcance son determinados por un acto o negocio jurídico, no directamente por la ley, que se limita a hacer posible la conclusión de ese acto o negocio (un contrato, por ejemplo). Este negocio singular e individual no puede ser afectado por la norma posterior. En cambio, las situaciones jurídicas objetivas (por ejemplo, el régimen de la propiedad) pueden ser modificadas por leyes posteriores. J. Santos Briz y otros, Tratado de Derecho Civil, Barcelona, Ed. Bosch, 2003, T. I, pág. 294.
En este sentido, el derecho adquirido no puede ser el conjunto de facultades que la ley anterior permitía que los ciudadanos ejercitaran, ya que esto sería el estado de derecho objetivo que la nueva ley intenta cambiar. El derecho adquirido, en cambio, es una situación consumada, en la que las partes afectadas descansaron en el estado de derecho que regía al amparo de la ley anterior. Así, los tratadistas distinguen entre la mera expectativa del derecho y los derechos adquiridos que ya entraron en el patrimonio de los sujetos involucrados. M. Albaladejo, Derecho Civil, 11ma ed., Barcelona, Ed. Bosch, 1989, T. I, Vol. 1, pág. 204.
III
De acuerdo con lo dispuesto expresamente en el Art. 44 de la Ley Núm. 103 ya citado, como de la intención *110 legislativa ya discutida, surge claramente que esta ley se debe aplicar retroactivamente. Y es que sólo de esta forma se cumpliría con el propósito del legislador de dar por terminadas las situaciones jurídicas indeseables que germinaban como resultado de la legislación anterior. No aplicar la Ley Núm. 103, supra, a controversias como la de autos equivaldría a laurear actuaciones que el estado de derecho vigente conjura; estaríamos incumpliendo, entonces, con la intención legislativa. Por lo tanto, resolvemos que, en virtud de su tenor más razonable y de las poderosas razones de orden público que movieron al legislador a materializarla, la Ley Núm. 103, supra, aplicará retroactivamente.
Sin embargo, el análisis no termina aquí, ya que debemos preguntarnos si aplicar la nueva Ley Núm. 103, supra, de forma retroactiva, como en efecto sería nuestra obligación, afecta derechos adquiridos por los titulares de apartamientos en inmuebles sometidos al régimen de propiedad horizontal al amparo de la ley anterior. Nuestra contestación dependerá de la situación jurídica que se pretenda reclamar con arreglo a la legislación antigua.
Conforme ya hemos discutido, la teoría de los derechos adquiridos prohíbe la aplicación retroactiva de una ley cuando esto afecte relaciones jurídicas existentes antes de la vigencia de la nueva ley, que nacieron fundamentándose en la legislación anterior. Así, pues, no puede cuestionarse al amparo de la legislación actual una acción concreta de la Junta de Directores de un inmueble sometido al régimen de propiedad horizontal si tal acción fue avalada en una asamblea en la que medió una votación por representación, cuando en aquel momento todo se hizo conforme al derecho entonces vigente.(1) En un caso como ese, los titulares de *111 los apartamientos tendrían un derecho adquirido sobre las decisiones previamente tomadas, y la Ley Núm. 103, supra, no podría afectarlas. No obstante, no se puede hablar de derechos adquiridos si lo que se pretende es celebrar asambleas, al presente, cuando las personas a votar por representación no cumplen con las exigencias de la nueva ley. La Junta de Directores del condominio en cuestión no podría alegar que tiene un derecho adquirido a aceptar los votos por representación según se permitía al amparo de la ley anterior. En tal caso, la pretensión de la Junta de Directores estaría predicada en el estado de derecho objetivo provisto por la legislación anterior; un estado de derecho que la legislación actual no considera.
Las alegaciones que surgen de los escritos de las partes en la presente controversia versan sobre facultades que el ordenamiento anterior otorgaba a los titulares de un inmueble sometido al régimen de propiedad horizontal para que éstos pudiesen garantizar el disfrute individual y comunitario de los elementos que componen el inmueble. Resulta, sin embargo, que las facultades otorgadas a los titulares de un inmueble sometido al régimen de propiedad horizontal han sido modificadas por la Ley Núm. 103, supra.
Somos conscientes de que el Tribunal de Primera Instancia, en el caso de autos, todavía no ha tenido la oportunidad de apreciar y expresarse sobre la prueba aportada por las partes. Así surge de la orden que facilitó la presentación del presente recurso. El Tribunal de Primera Ins *112 tancia, una vez evaluada la prueba, deberá decidir, de acuerdo con lo aquí resuelto, si el Consejo está, en efecto, ejercitando un derecho adquirido al amparo de la antigua ley o, si por el contrario, su pretensión es perpetuar el estado de derecho objetivo de la ley anterior, que ya no vincula.
IV
Según se deduce de los autos del caso ante nuestra consideración, el foro de instancia acogió el razonamiento de Williams según éste fue expresado en su Memorando de Derecho sobre la aplicación retroactiva de la Ley Núm. 103, supra. No erró al así actuar, por lo que procede que revoquemos el dictamen del Tribunal de Apelaciones y devolvamos el caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para que continúen los procedimientos, según lo aquí resuelto.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 La legislación anterior permitía que cualquier persona representara a un titular en una asamblea. De esta forma se perpetraron innumerables injusticias, puesto que la Junta de Directores podía elegir los representantes a su conveniencia para así controlar las votaciones. El legislador, consciente de este problema, limitó en *111 la Ley Núm. 103 de 5 de abril de 2003 (31 L.P.R.A. see. 1291 et seq.) las personas que pueden votar en representación de los titulares. El Art. 27 de esta Ley Núm. 103, que enmendó el Art. 38-B de la antigua ley, reduce el número de personas que pueden actuar como representantes de un titular en una asamblea a: (1) otro titular del condominio; (2) un familiar del titular, hasta el segundo grado de consanguinidad; (3) el cónyuge del titular; (4) arrendatarios que residan en el condominio; (5) el abogado del titular, o (6) el apoderado del dueño que muestre poder otorgado ante notario. M.J. Godreau, La Nueva Ley de Condominios, San Juan, Ed. Dictum, 2003, págs. 48-49.